1  Frederick J. Hickman (#124406)
       fhickman@afrct.com
2  Robert A. Bailey (#214688)
       rbailey@afrct.com
3  ANGLIN, FLEWELLING, RASMUSSEN
       CAMPBELL & TRYTTEN LLP
4  199 S. Los Robles Avenue, Suite 600
   Pasadena, California  91101-2459
5  Tel: (626) 535-1900; Fax:  (626) 577-7764

6  Attorneys for Defendant and Third-Party Plaintiff,
   WACHOVIA MORTGAGE, a division of
7  WELLS FARGO BANK, N.A. (formerly named
   WORLD SAVINGS BANK, FSB then
8  WACHOVIA MORTGAGE, FSB)

9                     UNITED STATES DISTRICT COURT

10        NORTHERN DISTRICT OF CALIFORNIA -- SAN JOSE DIVISION

11  BERNARDO REYES,                       )  Case No.   C08 04606 JW
                                          )
12                    Plaintiff,          )  [Hon. James Ware, District Judge]
                                          )
13        v.                              )  THIRD-PARTY COMPLAINT OF
                                          )  IMPLEADER BY DEFENDANT
14                                        )  WACHOVIA MORTGAGE, a division of
   PREMIER HOME FUNDING, INC., a          )  WELLS FARGO BANK, N.A., FOR:
15  California corporation; WORLD SAVINGS  )  EQUITABLE INDEMNITY AS TO ALL
   BANK, FSB; WACHOVIA BANK, N.A.; and    )  THIRD PARTY-DEFENDANTS; AND AS
16  JOEL MADERA CANDELARIO,               )  TO SATISH STEPHEN DASS, a.k.a.
                                          )  SATISH DASS, CHIRAG PATEL,
17                    Defendants.          )  PREMIER HOME FUNDING, INC., a
                                          )  California corporation, DAVID
18  _____   )  GRADSTEIN, and ROES 1-25
                                          )  TRANSACTIONALLY RELATED CLAIMS
19  WACHOVIA MORTGAGE, FSB;               )  OF NEGLIGENCE; INTENTIONAL
                                          )  MISREPRESENTATION; NEGLIGENT
20                    Cross-claimant,     )  MISREPRESENTATION; UNFAIR
                                          )  BUSINESS PRACTICES; CONVERSION;
21        v.                              )  COMMON LAW UNFAIR COMPETITION.
                                          )
22  THE ESCROW FORUM, a California        )
   corporation,                          )
23                                        )
                                          )
24                    Cross-defendant.    )
   _____   )  [RULE 14]
25  THE ESCROW FORUM, a California        )
   corporation,                          )
26                                        )
                                          )
27                    Cross-Claimant,     )
                                          )
28        v.                              )

1

2  PREMIER HOME FUNDING, INC., a
   California corporation; JOEL MADERA
3  CANDELARIO, an individual; G.M.
   CANDELARIO, an individual; and RAFAEL
4  MONTEJANO, an individual,

5              Cross-Defendants.

6  _____

7  WACHOVIA MORTGAGE, a division of
   WELLS FARGO BANK, N.A.
8
               Third-Party Plaintiff,
9
10 v.

11 SATISH STEPHEN DASS, a.k.a. SATISH
   DASS, an individual; CHIRAG PATEL, an
12 individual; PREMIER HOME FUNDING,
   INC., a California corporation; PREMIER
13 GROUP LENDING, a sole proprietorship or
   partnership; DAVID GRADSTEIN, an
14 individual; JOEL CANDELARIO, an
   individual; RAFAEL MONTEJANO, an
15 individual; GUADALUPE MONTOYA
   CANDELARIO, a.k.a. G. M.
16 CANDELARIO, an individual; and ROES 1-
   25.
17
18             Third-Party Defendants.

19 _____

20     Defendant and Third-Party Plaintiff WACHOVIA MORTGAGE, a division of WELLS

21 FARGO BANK, N.A. (formerly named WORLD SAVINGS BANK, FSB then WACHOVIA

22 MORTGAGE, FSB) ("Wachovia") alleges as follows:

23     1.     This court has supplemental jurisdiction pursuant to 28 USC §1367 (a), which

24 allows the court to adjudicate state law claims that are transactionally related to the federal

25 claim under the Truth in Lending Act, 15 U.S.C. §§ 1635 &1640 alleged by Bernardo Reyes

26 ("Reyes") in his complaint.  This jurisdiction includes claims against any new, properly-joined

27 third party defendants under Rule 14.  As alleged below, this third party complaint of

28 impleader is transactionally related to Plaintiff Reyes' federal claim.

J:\Docs\95451.076\complaint third party impleader final-206893.doc

2

CASE C08-4606 JW – THIRD PARTY IMPLEADER BY WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.

2.      Wachovia was at all pertinent times to this loan transaction a federal savings association, called a federal savings bank, organized and existing under the federal Home Owners Loan Act, 12 U.S.C. § 1461 *et seq*. and regulated by the Office of Thrift Supervision, Department of the Treasury.  Prior to January 1, 2008, Wachovia Mortgage, FSB was known as "World Savings Bank, FSB." Effective as of December 31, 2007, World Savings Bank, FSB changed its name to Wachovia Mortgage, FSB.  Then, on November 1, 2009, Wachovia Mortgage, FSB was merged into Wells Fargo Bank, N.A., and now operates as a division of it. Wells Fargo Bank, N.A. is a national association organized and existing under the National Bank Act, 12 U.S.C. § 1 *et seq.*, and is regulated by the Comptroller of the Currency, Department of the Treasury.

3.      Wachovia made a loan ("Loan") on or about October 5, 2007 to Reyes.  The Loan was secured by a deed of trust in first priority encumbering Reyes' residence, commonly known as 14030 Aldo Ct., San Jose, California 95127 (hereinafter, the "Security").[1]  In making the Loan, Wachovia lent principal of $375,000 at a fixed rate of 8.25% for a 30-tear term, fully amortizing over that time, with monthly payments that in early years of the term permitted Reyes a monthly selection to pay from either a fully-amortizing loan, or at a minimum an amount that resulted in negative amortization if he so chose.  Reyes applied for this loan through his mortgage broker and his agent, Premier Home Financing, Inc., and/or Premier Group Lending, identified further below.  Wachovia is informed and believes and thereon alleges that the particular loan program was chosen by Plaintiff Reyes and his loan broker.  It was in its terms among an array of mortgage options available from Wachovia at that time, among which a borrower and his broker in consultation would choose to request in order to attempt to obtain an offer by Wachovia to make a loan.  The Loan as made to Reyes: paid off Reyes prior mortgage to a third-party lender in the amount of $342,033.30; paid loan

---

[1]  While the third party claims relate to a loan secured by California real property, this suit does not seek to enforce the Loan, but rather to preserve all rights and interests related to the Loan and its Security.  Accordingly, by this action and any claims made herein, Wachovia does not intend to waive or compromise the Security for the Loan or the full obligation of the Loan itself in any respect, or to violate the anti-deficiency or one-action rules set forth in the *California Code of Civil Procedure* §§ 580a, 580b, 580d, 726 or otherwise.

J:\Docs\95451.076\complaint third party impleader final-206893.doc

3

CASE C08-4606 JW – THIRD PARTY IMPLEADER BY WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.

origination costs and fees to Wachovia of $2,305; and paid the balance of $30,661.70 in combination to Plaintiff Reyes and for his benefit to third parties not named in this suit; and paid Reyes share of his commission to his broker of $7,412.50.  Also paid by Wachovia, but not paid by Reyes, and paid outside closing of escrow, as disclosed in full in writing in the Good Faith Estimate and Final Settlement Statement, was the other part of the compensation to Reyes broker of $7,500.

4.    The Escrow Forum, is a California corporation that acted as Wachovia's closing agent for the Loan., pursuant to written instructions, described below.   The Escrow Forum's employee Paul Sepulveda, was the escrow officer principally responsible for the management and execution  of Wachovia's instructions for consummation of the Loan by The Escrow Forum as Wachovia's closing agent.  A separate third party complaint of impleader exists against The Escrow Forum in this matter, to which The Escrow Forum has responded by answer and its own Third Party Impleader against third-party defendants named therein, including Premier Home Funding, Inc., G. M. Candelario, Joel Candelario and Rafael Montejano—persons named herein as well.

5.    Third-party defendant Satish Stephen Dass, also known as Satish Dass ("Dass"), is an individual, residing in California, a real estate broker licensed by the California Department of Real Estate, license number 01424535, at all pertinent times, and was and is a managing agent, officer, director and owner of Premier Home Funding, Inc., a California corporation, a company that engaged in the business of a mortgage brokerage as well as the business of direct lending.  Wachovia is informed and believes and thereon alleges that Dass was and is doing business in the fictitious business name of Premier Group Lending, being either its sole proprietor or one of its partners or joint venturers.  Wachovia is informed and believes and thereon alleges that Dass signed Plaintiff's Loan application as broker which contained the allegedly materially inflated income information of Plaintiff, or authorized or ratified that his signature be affixed by some other person, to induce Wachovia to make a loan in order to receive a broker's commission payment from Wachovia to Premier Home Funding, Inc. or to Premier Group Lending, to his benefit.

J:\Docs\95451.076\complaint third party impleader final-206893.doc

4

CASE C08-4606 JW – THIRD PARTY IMPLEADER BY WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.

6.      Third-party defendant Chirag Patel ("Patel") at all pertinent times was an employee and agent, called a sales manager, of Premier Home Funding, Inc., and at the time the Reyes Loan was originated was a resident of California and employed by Premier Home Funding, Inc. in California.  Wachovia is informed and believed and thereon alleges that Patel participated in the submission of the allegedly false Loan application to Wachovia, and if it was false, knew or should have known that it was false, and participated in obtaining payment from Wachovia of the broker commission; that he authorized, or ratified, the allegedly inflated income of Plaintiff thereon, and/or affixed the signature purporting to be that of Dass to the loan application, all to induce Wachovia to make a loan in order to receive a broker's commission payment from Wachovia through Premier Home Funding, Inc. directly to his benefit.

7.      Third-party defendant Premier Home Funding, Inc. was the company which Plaintiff Reyes hired as his mortgage broker to obtain the Loan.  Wachovia is informed and believes and thereon alleges that it also did business as Premier Group Lending, a fictitious business name of Dass.

8.      If Plaintiff's allegations are true that his income was falsely and materially inflated on his Loan application when it was submitted to Wachovia by Dass and/or Premier Home Funding, Inc., and/or Premier Group Lending, and/or any of its or his agents, and that his true income and proof of income submitted to his mortgage broker reflected the approximate income his allegations say are true, then Wachovia would not have made the Loan, as it relied, and reasonably so, on the stated income of Plaintiff as set forth on his loan application, by making the Loan, and had it known the alleged truth of his income, would not have made the Loan, all to its detriment, as was known or should have been known by the third-party defendants, who were involved in submitting the Loan application, including, Premier Home Funding, Inc., Premier Group Lending, Dass, Patel, Gradstein, and Roes 1-25. Wachovia is informed and believes and thereon alleges that if the income information is understated on the Loan application to the extent Plaintiff alleges, that Premier Home Funding, Inc., or Premier Group Lending, themselves direct lenders at the time, orchestrated or

J:\Docs\95451.076\complaint third party impleader final-206893.doc

5

CASE C08-4606 JW – THIRD PARTY IMPLEADER BY WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.

1    participated in willfully overstating the income, and knew or should have known the income

2    was materially overstated, and thus instead of itself originating the loan with its own funds and

3    then reselling the mortgage subject to repurchase agreements from its various warehouse

4    lenders, as was its practice, that instead it chose to seek the Loan from Wachovia, as Premier

5    itself would not then bear a risk of loss due to the repurchase agreements it would have to

6    honor with its warehouse lenders.  Wachovia is informed and believed that Premier Home

7    Funding, Inc., Premier Group Lending, Satish Dass, Chirag Patel, David Gradstein and Roes

8    1-25 knew, or should have known, that the income information was false and offered the Loan

9    application to Wachovia in order to induce it to make the Loan it would not have otherwise

10    made in order for those same cross-defendants to profit wrongfully at the expense of Wachovia

11    by their receipt of broker commissions and compensation, described within, that they would

12    not have otherwise obtained but for providing the false income information to Wachovia or

13    any other lender similarly situated.

14        9.    Wachovia is informed and believes and thereon alleges that Dass and Premier

15    Home Funding, Inc. and/or Premier Group Lending at all pertinent times was the principal

16    and/or employer of Patel and Gradstein and/or they were his or its agents.  Wachovia is

17    informed and believes and thereon alleges that Premier Home Funding, Inc., is and should be

18    treated as the alter ego of Dass, for the following reasons, without limitation, and at all

19    pertinent times:

20        (a) Dass was the sole or majority interest or a controlling shareholder of Premier Home

21    Funding, Inc., that there is such a unity of interest and ownership and conduct in the conduct of

22    the business affairs of it and Dass that any individuality or separateness between them have

23    ceased and that it is and was the alter ego of Dass; or,

24        (b) Premier Home Funding, Inc. was and is and at all pertinent times has been

25    inadequately capitalized; or,

26        (c) Dass controlled and operated Premier Home Funding, Inc., as his individual sole

27    proprietorship or partnership and alter ego, and that that the business and activities of it were

28    carried out without due and proper respect for compliance with required corporate formalities; or,

J:\Docs\95451.076\complaint third party impleader final-206893.doc

6

CASE C08-4606 JW – THIRD PARTY IMPLEADER BY
WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO
BANK, N.A.

(d) Dass at all pertinent times operated Premier Home Funding, Inc., for the purpose and with the effect of defrauding persons with whom Dass and/or it has dealings, intending to or causing the use of the fiction of corporate existence to be a violation of law and/or a fraud on the public; or,

(e) adherence to the fiction of the separate existence of Premier Home Funding, Inc. as an entity distinct from Dass would permit an abuse of the corporate privilege, sanction fraud, and promote injustice, in that Dass would escape liability for debts in incurred in connection with the activities of Premier Home Funding, Inc., in that it has been, is or may be insolvent, and all to Wachovia's detriment.

10.     Third-party defendant David Gradstein ("Gradstein") is an individual, and Wachovia is informed and believes and thereon alleges was residing at the time of the Loan application and origination in California.  Wachovia is informed and believes that Gradstein participated in the Loan application as an agent of Premier Home Funding, Inc., which Loan application contained allegedly materially inflated income information of Plaintiff, that he authorized, or ratified, the allegedly inflated income of Plaintiff thereon, and/or affixed the signature purporting to be that of Dass to the loan application, all to induce Wachovia to make a loan in order to receive a broker's commission payment from Wachovia through Premier Home Funding, Inc. directly to Gradstein's benefit.

11.     Third-party defendant Guadalupe Montoya Candelario, an individual, and resident of California, also known as G. M. Candelario, was a notary public hired by and the agent of The Escrow Forum, Inc. to obtain signatures on the loan documents for Plaintiff's loan and to deliver the requisite copies of documents to Plaintiff to execute the Loan Closing Instructions of Wachovia in connection with the origination of the Loan, and was the agent of The Escrow Forum for this purpose.  If Plaintiff's allegations are true, then Wachovia is informed and believes and thereon alleges that Guadalupe Montoya Candelario permitted her notary book to be put in the custody of Rafael Montejano in order to have him obtain the signatures on Loan documents and the signature and fingerprint of Plaintiff in the notary book to participate in consummation of the Loan, and did so without right or justification in that

J:\Docs\95451.076\complaint third party impleader final-206893.doc

7

CASE C08-4606 JW – THIRD PARTY IMPLEADER BY WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.

1    Rafael Montejano is not a licensed notary.

2         12.    Third-party defendant Joel Candelario, an individual, and resident of California,

3    was the agent of Guadalupe Montoya Candelario.  Wachovia is informed and  believes and

4    thereon alleges that he was also the agent, or otherwise participated in or orchestrated the

5    conduct of Premier Home Funding, Inc., David Gradstein, and/or Rafael Montejano in

6    connection with brokering of this loan to Plaintiff or otherwise participated in the conduct

7    which resulted in the allegations by Plaintiff under the Truth in Lending Act for rescission and

8    damages pertaining to the Loan and the concomitant harm to Wachovia.

9         13.    Third-party defendant Rafael Montejano, an individual, and resident of

10   California.  Wachovia is informed and believes and thereon alleges that he was the agent of

11   Joel Candelario, Guadalupe Candelario, Premier Home Funding, Inc., and/or David Gradstein,

12   in connection with brokering of this loan to Plaintiff or otherwise participated in the conduct

13   which resulted in the allegations by Plaintiff under the Truth in Lending Act for rescission and

14   damages pertaining to the Loan and the concomitant harm to Wachovia.

15        14.    Wachovia does not know the true names and capacities of the third-party

16   defendants sued herein as Roes 1 through 25, inclusive, and therefore sues these third-party

17   defendants by such fictitious names.  Wachovia will amend this Third-Party Complaint to

18   allege their true names and capacities when they are ascertained.  Wachovia is informed and

19   believes and thereon alleges that such third-party defendants are liable to it for the damages

20   alleged herein.

21        15.    Wachovia is informed and believes and thereon alleges that all times pertinent to

22   this action, each of the third-party defendants named herein were the agents of one another, or

23   conspirators with one another, in doing the things herein alleged, and were otherwise acting

24   within the course and scope of said agency or employment or otherwise participated in the

25   conduct which resulted in the allegations by Plaintiff under the Truth in Lending Act for

26   rescission and damages pertaining to the Loan and the concomitant harm to Wachovia.

27        16.    On or about October 3, 2008, Reyes filed this case against Wachovia, among

28   others, alleging claims arising from the Loan transaction.  Among other things, Reyes alleges

J:\Docs\95451.076\complaint third party impleader final-206893.doc

8

CASE C08-4606 JW – THIRD PARTY IMPLEADER BY WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.

1   violation of certain duties incumbent on a lender under the Truth in Lending Act, 15 U.S.C. §

2   1601 *et seq.*, including:

3       [That] on the night Mr. Reyes signed the closing documents of the aforementioned

4       transaction [*i.e.*, the Loan], Defendants provided *no copies of any* of the loan

5       documents, including the document notifying Mr. Reyes of his right to rescind.  Mr.

6       Reyes was provided with a copy of his Notice of Right to Cancel, and other loan

7       documents, weeks after the loan closed.  He then attempted to rescind but was told that

8       it was "too late."

9   Reyes First Amended Complaint, ¶13 (emphasis in original).

10      17.   The Escrow Forum had a contractual duty to Wachovia to provide Reyes with

11  the Notices of Right to Cancel ("Notice"), and to obtain his signature on a Notice prior to or

12  concurrent with the closing, as well as to provide other documents and disclosures necessary

13  for loan origination, and also to obtain Reyes signature on some of the same, pursuant to

14  written instructions from Wachovia, as described herein.  Prior to the Loan closing, Wachovia

15  and The Escrow Forum entered into a written contract ("Contract") by which The Escrow

16  Forum agreed to serve as Wachovia's "closing agent" in connection with the Loan.  The

17  agreement is memorialized by, "Amended Lender's Closing Instructions," dated October 5,

18  2007.  A true and correct copy of the "Amended Lender's Closing Instructions" ("Closing

19  Instructions" or "Contract") is attached as Exhibit 1 and incorporated by reference herein.

20  This duty is the subject of a separate impleader in this action to which The Escrow Forum has

21  responded by answer.   The Escrow Forum is not named as an additional defendant in this new

22  third-party impleader as that would be redundant and the matter is at issue between Wachovia

23  and The Escrow Forum already.

24      18.   In the Closing Instructions, The Escrow Forum committed itself and warranted

25  to Wachovia, *inter alia,* that it would comply with all instructions and conditions in the

26  Closing Instructions before closing the Loan and paying out any of Wachovia's funds.  (Ex. 1,

27  Section 1 ¶2).  The Escrow Forum further committed itself to and warranted it would assure:

28  "the authenticity of the signatures of each party executing each document..." and "all original

1    documents must be signed and dated were applicable." (*Id*. at parag. 4).

2        19.    The Closing Instructions further provide:

3    [Y]ou are instructed to have the following documents properly executed and notarized

4    (as required).  Documents to be reported must be submitted for recording immediately

5    upon settlement.  See Page 2 for instructions for returning documents. ON THE DAY

6    THE DOCUMENTS ARE SIGNED, YOU MUST GIVE BORROWERS A COPY OF

7    ALL DOCUMENTS IN CONNECTION WITH THIS LOAN.

8    Ex. 1, Section 7, emphasis in original.

9        20.    The Closing Instructions list the documents subject to the instruction, and

10    include the Notice as one of those, with the requirement of special handling as distinct from

11    other Loan documents pursuant to the Truth in Lending Act.

12        21.    Based on the alleged failure by The Escrow Forum to provide Plaintiff with the

13    Notice and other loan documents,  as set forth in the allegation quoted in paragraph 5 above,

14    and on the alleged provision of materially misleading disclosure by virtue of an errant Truth in

15    Lending Disclosure Statement from Premier Home Funding, Inc. or Premier Group Lending

16    which Wachovia did not authorize The Escrow Forum to deliver to Reyes, and on the

17    allegedly falsified financial information contained on Plaintiff's Loan application which

18    Plaintiff alleges he did not cause or know of,  Reyes seeks rescission of the Loan and damages

19    pursuant to 15 U.S.C.§ 1640.

20        22.    Wachovia has been forced to defend this action which, if Reyes' allegations are

21    true, is the proximate result of culpable or errant conduct by each and everyone of the third-

22    party defendants for participating in causing the Closing Instructions to be violated and the

23    Loan documents and Notice to have been handled in an errant fashion.  All third-party

24    defendants are responsible for Wachovia's need to defend this action, and for some or all of its

25    loss, and its legal fees and costs incurred in defending the action, if the allegations of Plaintiff

26    are true.  Accordingly, Wachovia seeks equitable indemnity from the third-party defendants

27    and each of them.  In addition, Wachovia is informed and believes and thereon alleges that if

28    Plaintiff Reyes allegations pertaining to the Notice or other material disclosures pertaining to

10

his claim are true, and/or if that his income was falsely and materially inflated by persons other than him on his loan application which was originated by Premier Home Funding, Inc., and provided to Wachovia in order to induce it to make the loan it did, and any of the third-party defendants knew or should have known, or participated in any manner with so obtaining the loan, then those third party defendants are liable to Wachovia for any loss and defense costs as a result of their actions or omissions.

FIRST CLAIM FOR RELIEF

(Equitable Indemnity--Against All Third-Party Defendants)

23.    Wachovia incorporates the allegations of paragraphs 1 through 22, as though set forth in full.

24.    While Wachovia does not concede the truth of Reyes' claim, and is vigorously contesting it, Wachovia hereby demands of the third-party defendants, and each of them to indemnify Wachovia for all damages, defense costs, settlement payments, losses in connection with the Loan, judgments and attorneys fees and costs it incurs as a proximate result of Reyes claim.

25.    Wachovia is informed and believes and thereon alleges that Rafael Montejano, Joel Candelario, and/or Guadalupe Montoya Candelario acted as interlopers or persons who undertook to deliver those Loan documents and Notice and to obtain the required signatures of Plaintiff and his spouse, Olga Salazar, in connection with the Loan origination, but failed to do so, causing the loan to be rescindable or otherwise to subject Wachovia to harm, and did so negligently and without legal justification.

26.    Wachovia has been and/or will be damaged as a proximate result of the negligent, improper, inequitable or illegal and/or tortious conduct of the third-party defendants, and each of them.

27.    Such damages have arisen and continue to arise from the alleged failure by cross-defendant to provide Reyes with the Notice and, allegedly, to obtain his signature.  Such damages have arisen and continue to arise from the alleged submission of false income information to Wachovia on the Loan application, upon which it relied to make the Loan.

1    Wachovia has also suffered additional damages in that the effectiveness or enforcement of the

2    Loan and the effectiveness of the security interest in the real property of Reyes has been made

3    uncertain, and more difficult and costly, and if the allegations are true or proved at trial, will

4    potentially subject the Loan to rescission pursuant to the Truth In Lending Act and/or damages

5    thereunder, with a concomitant loss of interest and closing costs actually paid by or on behalf

6    of Reyes, and a loss of the payments on the loan that would have been made by Reyes under

7    the promissory note which evidenced the Loan.

8        28.    The conduct of third-party defendants was entirely within the control of each of

9    them.  Wachovia is informed and believes and thereon alleges that it is entitled to equitable

10   indemnity from the third-party defendants, and each of them, in a sum according to proof.

11       29.    Wachovia has demanded and/or hereby demands that each third-party defendant

12   indemnify it, but they fail and refuse to do so.  Accordingly, Wachovia is entitled to an award

13   against third-party defendants and each of them for its attorneys' fees, costs, and expenses

14   incurred to defend this action, in a sum according to proof under *Code of Civil Procedure*

15   section 1021.6: to the extent a prior communication has not constituted sufficient notice this

16   complaint constitutes such a demand for defense and indemnity.

17                        SECOND CLAIM FOR RELIEF

18   (Negligence Against: Dass, Patel, Gradstein, Premier Home Funding, Inc. and Premier Group

19                        Lending, and Roes 1-25)

20       30.    Wachovia realleges and incorporates by reference paragraphs 1 through 14 and

21   19 to 22.

22       31.    At all times pertinent times, Dass, Patel, Gradstein, Premier Home Funding, Inc.

23   and Premier Group Lending, and Roes 1-25 and each of them were under a duty to do obtain

24   information from Plaintiff Reyes to verify the income stated on his Loan application and to set

25   it forth accurately, prior to transmitting that Loan application to Wachovia in order to solicit a

26   loan offer from it to Plaintiff, as each of them knew that Wachovia, as a lender, was a person

27   and/or in the class of persons whom could be expected to and would and did rely upon such

28   information any of them would forward to it to make a Loan offer in response to the loan

application, which Loan it or they were proposing that Wachovia make to the Plaintiff, and that it did make.

32.    At all pertinent times, Dass, as a licensed broker, and as a managing agent of mortgage broker Premier Home Funding, Inc., and Premier Group Lending was under a duty to supervise the operations and conduct of the loan officers and personnel participating in the completion and submission of loan applications to Wachovia or other lenders to assure accurate information was provided to them and it to solicit loan offers.  Further, Dass had undertaken a duty to review the Loan application and supporting documentation and information from or regarding the financial information contained in Plaintiff 's loan application to assure that it was a proper and sufficient loan application, without any materially misleading information, prior to submitting it to any lender, and including Wachovia.

33.    Wachovia is informed and believes and thereon alleges that Dass, Patel, Gradstein, Premier Home Funding, Inc., and Premier Group Lending each breached this duty to it by preparing and authorizing and/or signing and submitting Reyes Loan application, if it is true that the information he submitted or authorized them to obtain was materially different than the income stated on his Loan application, bearing the name as signer as Dass, and bearing the names of the brokerage, Premier Home Funding, Inc. and/or Premier Group Lending, which each of them knew or should have known would be transmitted to Wachovia, and was so transmitted, causing it to make the Loan, which if the allegations of Plaintiff's claim is true, Wachovia would not have made, based on insufficient income to support a loan in the amount and on the terms that it made to Plaintiff.  Wachovia is informed and believes and thereon alleges that each of the third-party defendants so named failed to take the actions necessary to perform each of their duties, obligations and activities in a manner that would be reasonable and necessary under all the circumstances of the relationship between Wachovia and each of them in this Loan application process and resulting transaction.

34.    The actions and omissions by each of them which breached their duty of care to Wachovia were a substantial factor in and a proximate cause of harm to it.

35.    Wachovia learned of the allegations that indicate the breach of such a duty upon

J:\Docs\95451.076\complaint third party impleader final-206893.doc

13

CASE C08-4606 JW – THIRD PARTY IMPLEADER BY WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.

1   the service of the complaint by Plaintiff in this action, in or about October 2008, causing

2   accrual of the claim at that time, and that this action is filed within the three year limitations

3   period for a claim of negligence occasioning property damage, which here is a loss of money

4   and a potential loss of the full value of the loan and its real property security.

5           36.     Accordingly, each of them is liable for, and Plaintiff is entitled to an award of,

6   compensatory damages for among other things, without limitation:  any damages awarded to

7   Plaintiff, any reduction of the amount of the total indebtedness owed by Plaintiff for a return or

8   setoff of any interest paid and any closing costs to be credited back to Plaintiff against the

9   principal borrowed from Wachovia, any economic loss on the Loan transaction, defensive

10  attorneys fees and costs expended by Wachovia in defense of the action by Plaintiff, and any

11  other amounts according to proof.

12                          THIRD CLAIM FOR RELIEF

13  (Intentional Misrepresentation Against: Dass, Patel, Gradstein, Premier Home Funding, Inc. and

14              Premier Group Lending AND ROES 1-25)

15          37.     Wachovia realleges and incorporates by reference paragraphs 1 through 14, 19-

16  22, and 31-35, as though set forth in full.  Wachovia is informed and believes and thereon

17  alleges that ROES 1-25 made, participated, conspired in and/or ratified the representations

18  alleged herein, and intended and caused the same consequences as alleged against Dass, Patel,

19  Gradstein, Premier Home Funding, Inc. and Premier Group Lending, and accordingly, each

20  allegation herein shall include and refer also to ROES 1-25.

21          38.     These third-party defendants participated in representing to Wachovia that the

22  facts stated in the Loan application were true.  Wachovia is informed and believes and thereon

23  alleges that these representations regarding the income information of Plaintiff Reyes were

24  materially false, and that these third-party defendants knew that the representations were false

25  when they made them, or that the representations were made recklessly and without regard for

26  their truth.

27          39.     These third-party defendants intended that Wachovia rely on the representations.

28  Wachovia reasonably relied on the representations, as they were signed under penalty of

1  perjury by the proposed borrower Reyes, and counter-signed by the broker in the name of

2  third-party defendant Satish Dass, who bore fiduciary responsibilities to Plaintiff Reyes as the

3  licensed mortgage broker in the transaction.  Wachovia has been and will continue to be

4  harmed by that reliance. The reliance was a substantial factor in causing that harm.

5      40.    As a proximate result of the misrepresentations of these third-party defendants

6  Dass, Patel, Gradstein, Premier Home Funding, Inc. and Premier Group Lending and ROES 1-

7  25, Wachovia has been damaged in an amount including its legal fees and defense costs now

8  and continuing, for the amount paid to Premier Home Funding, Inc., nominally, in the amount

9  of $14,412 as a combination of the advance of Plaintiff's brokers commission and the direct

10  payment by Wachovia of part of Plaintiff's brokers commission, or other amount according to

11  proof, and to the extent Wachovia sustains any loss or reduction of value on or of the Loan

12  transaction, in that amount as well, or other amount according to proof.

13      41.    Wachovia is informed and believes and thereon alleges that these third-party

14  defendants, in making the foregoing misrepresentations, acted maliciously and in willful and

15  knowing disregard of Wachovia's, with the intent to injure or defraud it and to deprive it its

16  lawful interests, money, resources, and rights, and that their acts and omissions constitute

17  despicable conduct which subjected it to injustice, so as to justify an award of exemplary and

18  punitive damages.

19                          FOURTH CLAIM FOR RELIEF

20      (Negligent Misrepresentation Against: Dass, Patel, Gradstein, Premier Home Funding, Inc.

21                      and Premier Group Lending AND ROES 1-25).

22      42.    Wachovia realleges and incorporates by reference paragraphs 1 through 14, 19-

23  22, and 31-35, and 38-40 as though set forth in full.  Wachovia is informed and believes and

24  thereon alleges that ROES 1-25 made, participated, conspired in and/or ratified the

25  representations alleged herein, and intended and caused the same consequences as alleged

26  against Dass, Patel, Gradstein, Premier Home Funding, Inc. and Premier Group Lending, and

27  accordingly, each allegation herein shall include and refer also to ROES 1-25.

28      43.    Each of the third-party defendants made or participated in making representations

1    to Wachovia regarding the amount of Plaintiff Reyes income.  Wachovia is informed and

2    believes and thereon alleges that these representations were materially untrue.

3          44.    None of these third-party defendants had any reasonable grounds for believing

4    their representations as to that income of Plaintiff Reyes were true.  The representations were

5    made with the intent of inducing Wachovia to make the Loan.

6          45.    Wachovia was unaware that the representations regarding Plaintiff's income were

7    untrue.  Wachovia reasonably relied on the representations of these third-party defendants, Dass,

8    Patel, Gradstein, Premier Home Funding, Inc. Premier Group Lending, and ROES 1-25  as to the

9    income in agreeing to make the Loan.

10         46.    Wachovia has have been damaged as a result of the misrepresentations in an

11    amount according to proof.

12    <u>FIFTH CLAIM FOR RELIEF</u>

13    (Unfair Business Practices - Business and Professions Code § 17200, et. seq., - Against Dass,

14    Patel, Gradstein, Premier Home Funding, Inc. and Premier Group Lending AND ROES 1-25)

15         47.    Wachovia realleges and incorporates by reference paragraphs 1 through 14, 19-22,

16    and 31-35, 38-40, and 43-45 as though set forth in full.  Wachovia is informed and believes and

17    thereon alleges that ROES 1-25 made, participated, conspired in and/or ratified the

18    representations and conduct alleged herein, and intended and caused the same consequences as

19    alleged against Dass, Patel, Gradstein, Premier Home Funding, Inc. and Premier Group Lending,

20    and accordingly, each allegation herein shall include and refer also to ROES 1-25.

21         48.    These third-party defendants and each of them have engaged in unlawful, unfair,

22    or fraudulent business practices, as prohibited by Business and Professions Code Section 17200,

23    et. seq., by making, orchestrating, participating in and aiding and abetting the provision of

24    allegedly false income information on Plaintiff Reyes' loan application to obtain the Loan that

25    but for the false information Wachovia would not have made, to its detriment and payments to

26    them of commissions to Premier Home Funding, nominally, and payments or disbursements to

27    third-parties and Plaintiff Reyes at the time of the Loan's closing.

         49.    Wachovia has been injured by the foregoing unlawful, unfair, or fraudulent

28

business practices and is entitled to restitution in an amount and kind subject to proof at the time of trial, including the disgorgement of any money received by any of them at Wachovia's ultimate expense in this Loan transaction and its resolution with Plaintiff, including without limitations all brokers fees and commissions paid to them by or on behalf of Plaintiff Reyes to the extent Reyes is entitled to credit against his debt of any such commissions paid out of his proceeds from the Loan.

50.     Further, Wachovia is entitled to recover attorneys fees under the private attorney general doctrine pertaining to litigation in the public interest within the purview of Code of Civil Procedure Section 1021.5.

SIXTH CLAIM FOR RELIEF

(Conversion Against: Dass, Patel, Gradstein, Premier Home Funding, Inc. and Premier Group Lending AND ROES 1-25)

51.     Wachovia realleges and incorporates by reference paragraphs 1 through 14, 19-22, and 31-35, 38-40, and 43-45 as though set forth in full.  Wachovia is informed and believes and thereon alleges that ROES 1-25 made, participated, conspired in and/or ratified the representations and conduct alleged herein, and intended and caused the same consequences as alleged against Dass, Patel, Gradstein, Premier Home Funding, Inc. and Premier Group Lending, and accordingly, each allegation herein shall include and refer also to ROES 1-25.

52.     Wachovia owned and had the right to possess the money paid to these third-party defendants from proceeds both paid out of and as a result of the Loan transaction, i.e., $14,412, $7,500 paid directly by Wachovia outside of the Loan proceeds, and $7,412 paid out of the loan proceeds, to the extent that Plaintiff Reyes is relieved of the burden of have paid that out of the balance of his Loan proceeds by resolution of this matter between Wachovia and Plaintiff.

53.     Wachovia is informed and believes and thereon alleges that these third-party defendants have intentionally taken the money paid to Premier, nominally, and have prevented Plaintiff from having access to its money, or diverted the money to each of their own uses.

54.     Wachovia is informed and believes and thereon alleges that it did not consent to payment to them because it was unaware that the money was obtained from it by false

information provided to it by each and all of them in order to obtain payment of money as commissions for the Loan transaction, and Wachovia hereby demands that the money be refunded.

55.    Wachovia is harmed by these third-party defendants' failure to repay the money.

56.    The third-party defendants' conduct was and is a substantial factor in causing harm to Plaintiff.

57.    Wachovia is entitled to an award of all money paid by itself or out of the loan proceeds funded by its money in the Loan transaction, $14,412 or other amount according to proof.

58.    In converting to each of their own uses or by otherwise retaining the money, each of them has acted maliciously and in willful and knowing disregard of Wachovia's rights, with the intent to injure or harm it and to unlawfully deprive it of the money.  Their acts and omissions in obtaining and then failing and refusing to refund the money constitute despicable conduct which subjects Wachovia to injustice, so as to justify an award of exemplary and punitive damages against each of them.

<u>SEVENTH CLAIM FOR RELIEF</u>

(Common Law Unfair Competition Against: Dass, Patel, Gradstein, Premier Home Funding, Inc. and Premier Group Lending AND ROES 1-25)

59.    Wachovia realleges and incorporates by reference paragraphs 1 through 14, 19-22, and 31-35, 38-40, and 43-45 as though set forth in full.  Wachovia is informed and believes and thereon alleges that ROES 1-25 made, participated, conspired in and/or ratified the representations alleged herein, and intended and caused the same consequences as alleged against Dass, Patel, Gradstein, Premier Home Funding, Inc. and Premier Group Lending, and accordingly, each allegation herein shall include and refer also to ROES 1-25.

60.    As a direct and proximate result of Defendants wrongful competitive acts, including without limitation the participation in the alleged misrepresentation of Plaintiff's income to Wachovia in order to obtain a loan from Wachovia to enrich themselves and to harm it, Wachovia has been damaged and continues to suffer damage for which Plaintiff is entitled to

J:\Docs\95451.076\complaint third party impleader final-206893.doc

18

CASE C08-4606 JW – THIRD PARTY IMPLEADER BY WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.

1    an award of compensatory damages against each of them in an amount according to proof at

2    trial, but not less than in the amount of its entire loss on the loan and the cost and expense of any

3    resolution of the matter with Plaintiff, and Wachovia's attorneys fees which it has had to incur to

4    defend itself against the claim of Plaintiff pertaining solely to the alleged wrongful loan

5    origination, a loan which Wachovia, but for these third-party defendants alleged provision of

6    materially false income information, it would not have made.

7         61.    Wachovia is informed and believes and thereon alleges that these third-party

8    defendants and each of them, in the foregoing described conduct, acted maliciously and in

9    willful and knowing disregard of Wachovia's rights, with the intent to injure or defraud

10   Wachovia and to deprive Wachovia of its lawful interests, money, resources, and rights, and that

11   their acts and omissions constitute despicable conduct which subjected Wachovia to injustice, so

12   as to justify an award of exemplary and punitive damages against each of them.

13   PRAYER

14       That Wachovia be awarded:

15       1.    Such damages, compensation, and attorneys fees as alleged and according to

16   proof against each of the third-party defendants as stated in the claims for relief above.

17       3.    For pre-judgment interest as permitted by law;

18       4.    For costs of suit;

19       5.    And for other relief as determined appropriate by this Court.

20   Dated:  June 15, 2010                    ANGLIN, FLEWELLING, RASMUSSEN
21                                    CAMPBELL & TRYTTEN LLP

22                    By:  ___/s/ Frederick J. Hickman_____
23                         Frederick J. Hickman
                           fhickman@afrct.com
24          Attorneys for Defendant and Third-Party Plaintiff
            WACHOVIA MORTGAGE, a division of
25          WELLS FARGO BANK, N.A.

26

27

28

(Page 1 of 11)

| WORLD SAVINGS | AMENDED LENDER'S CLOSING INSTRUCTIONS |
|---|---|

TO: THE ESCROW FORUM
   23161 LAKE CENTER DRIVE, SUITE 120
   LAKE FOREST, CA  92630

                              DATE: October 5, 2007
                              LOAN NUMBER: 0047328505

ATTN: PAUL SEPULVEDA
      (949)380-9701
Fax # (949)380-7899
   TICOR TITLE COMPANY OF CALIFORNIA
   898193-12

                              CONCURRENT LOAN NO.: N/A
                              GF/ORDER/FILE NO.: 87990
                              BORROWER(S).
                              BERNARDO MORALES REYES

BORROWER PHONE NUMBERS
HOME: (408)937-8971
WORK: (408)892-7436

                            PROPERTY ADDRESS:
                            14030 ALDO CT
                            SAN JOSE, CA  95127-4101

### * * * ATTENTION CLOSING AGENTS * * *

THESE CLOSING INSTRUCTIONS DATED 10/05/2007 SUPERCEDE AND REPLACE OUR CLOSING INSTRUCTIONS DATED 10/02/2007 WHICH ARE HEREBY WITHDRAWN.

THIS DOCUMENT CONSTITUTES WORLD SAVINGS' CLOSING INSTRUCTIONS FOR LOAN NUMBER 0047328505, WHICH IS TO BE A FIRST LIEN.

INDEX

SECTION I: . . . . . . . . . . . . . . . . . GENERAL INSTRUCTIONS, PAGE 2

SECTION II: . . . . . . . . . . . . . . . . TRANSACTION TERMS AND COST ALLOCATION/BREAKDOWN, PAGE 3

SECTION III, IV, V
AND VI . . . . . . . . . . . . . . . . . . . THIRD PARTY SETTLEMENT SERVICE PROVIDER NAME(S); PAYEES, FEES PAID AT CLOSING BY LENDER;
                              FEES PAID OUTSIDE OF CLOSING, PAGE 4

SECTION VII. . . . . . . . . . . . . . . . WORLD LOAN DOCUMENTS, PAGE 6

SECTION VIII: . . . . . . . . . . . . . . DOCUMENTS PREPARED OR FORWARDED BY CLOSING AGENT, PAGE 7

SECTION IX. . . . . . . . . . . . . . . . . TITLE INSURANCE, PAGE 7

SECTION X AND XI: . . . . . . . . . . . TAXES/HAZARD/FIRE/FLOOD INSURANCE; STATE SPECIFIC REQUIREMENTS, PAGE 8

SECTION XI AND XII: . . . . . . . STATE SPECIFIC REQUIREMENTS CONTINUED; ADDITIONAL REQUIREMENTS, PAGE 9

SECTION XIII: . . . . . . . . . . . . . SPECIAL INSTRUCTIONS, PAGE 10, 11

SECTION XIV: . . . . . . . . . . . . . . FUNDING INSTRUCTIONS, LAST PAGE

| PLEASE TAKE A MOMENT TO REVIEW OUR CLOSING INSTRUCTIONS. |
|---|

### QUESTIONS

For questions concerning:

- the closing or funding of this loan, please call our Final Documentation Department at: 1-800-873-7340; or

- the Payoff of an existing World loan, please call our Payoff Department at: 1-800-642-0257.
  Note:  To ensure quality customer service, your call may be monitored or recorded.

TO REQUEST FUNDS Call the World Savings' Automated Funding System at:

**1-800-873-7340**

GF440A (2004-03-3)
                              Page 1                       CA
          DISTRIBUTION    1 COPY-CLOSER    1 COPY-LOAN CENTER    1 COPY-LOAN FILE

0 3 0

LENDER'S USE ONLY

**WM 59**

**Exhibit 1 to Third-Party Complaint of Impleader**
**Page 20**

(Page 2 of 11)

| WORLD SAVINGS | LENDER'S CLOSING INSTRUCTIONS |
|---|---|

DATE: October 5, 2007
GF/ORDER/FILE NUMBER: 87990
BORROWER(S):    BERNARDO MORALES REYES

LOAN NUMBER: 0047328505
CONCURRENT LOAN NUMBER: N/A

### SECTION I - GENERAL INSTRUCTIONS

YOU MUST COMPLY WITH ALL INSTRUCTIONS AND CONDITIONS IN THESE CLOSING INSTRUCTIONS BEFORE YOU CLOSE AND FUND THIS LOAN. EXCEPT AS EXPRESSLY PROVIDED OTHERWISE IN THESE LENDER'S CLOSING INSTRUCTIONS, ANY MODIFICATIONS OR AMENDMENTS HERETO MUST BE IN WRITING AND SIGNED BY WORLD SAVINGS.

1.  **AUTHORIZED CLOSING AGENT**
    World Savings ("we") requires that an independent third party, called a "closing agent ('you')," coordinate the settlement of every real estate loan we make. Depending on local custom, a closing agent may be an escrow company, a title insurance company or an attorney. A borrower, a mortgagor or a real estate broker or any other person who is a party to the transaction may not act as the closing agent. You represent and warrant that you are not a party to the transaction. You further represent and warrant that you are an escrow company, a title insurance company or an attorney, duly licensed and legally authorized to perform the services required by these instructions.

2.  **AGREEMENT TO ADHERE TO CLOSING INSTRUCTIONS**
    By closing the above referenced loan, you represent and warrant that you have followed each of the requirements and instructions set forth in these Lender's Closing Instructions.

3.  **IMPORTANT NOTICE - Compliance with the USA Patriot Act, Section 326**
    **U.S. CITIZEN BORROWERS**
    You are instructed to photocopy the borrower(s)' authentic state issued driver's license or other state issued photo identification used to verify the borrower(s)' identity and to forward the photocopy to World Savings with the closing package.

    **NON-U.S. CITIZEN BORROWERS**
    You are instructed to photocopy the borrower(s)' passport or similar foreign government issued picture identification (U.S. state issued driver's license is NOT sufficient) after verifying authenticity of the document and the borrower(s)' identity and forward a legible copy to World Savings with the closing package.
    The copy must show at least the number of the passport or other document and the picture of the borrower.

4.  **SIGNATURE REQUIREMENTS**
    You warrant the authenticity of the signatures of each party executing each document and the authority of each representative executing any document on behalf of another, except to the extent such signatures are warranted by a United States National Bank. All original documents must be signed and dated where applicable.

    For Equity Lines of Credit that are _not_ closing concurrently with another loan: If you were authorized in writing by World to use a signing agent to obtain signatures from the executing parties, you will verify the signing agent's compliance with each of our instructions given in the "Documents To Be Signed At Closing" form.

5.  **NOTARY/WITNESS REQUIREMENTS**
    Our Security Instrument requires acknowledgement/notarization. Prepare and attach notarial acknowledgement(s) with current notarial stamp as required by state law. If state statute so requires, please have each borrower's signature witnessed.

6.  **ALTERATIONS/ERASURES ON DOCUMENTS**
    Alterations or Erasures are not permitted on any document without prior _written_ approval from our Final Documentation department. Any approved alterations or attachments _must_ be initialed by the parties concerned.

7.  **POSSESSION OF DOCUMENTS REQUIREMENTS**
    DO NOT MAIL out or otherwise release documents from your office without our prior written approval. If we give written approval for you to release documents from your office for any reason, you will remain responsible for the documents and for compliance with all aspects of these Lender's Closing Instructions.

8.  **MORTGAGE BROKER DISBURSALS/ THIRD PARTY FEE DISBURSALS**
    YOU ARE INSTRUCTED TO PAY ONLY THE MORTGAGE BROKER FUNDS AND THIRD PARTY FEES IDENTIFIED ON PAGES 3 AND 4 OF THESE INSTRUCTIONS, AND ONLY AT THE TIME OF THE FINAL DISBURSAL OF THE LOAN FUNDS.

    BROKER FUNDS AND OTHER THIRD PARTY FUNDS ARE INCLUDED IN YOUR TOTAL WIRE DISBURSEMENT.

9.  **\*\*\*\* DOCUMENT EXPIRATION DATE \*\*\*\***
    The loan documents are VOID and must be returned to World Savings for cancellation within 24 hours if the documents are not executed and you have not disbursed the loan funds by: 11/01/2007, THE INTEREST PAID TO DATE, OR 11/03/2007, THE COMMITMENT EXPIRATION DATE, WHICHEVER IS EARLIER.
    Your scheduled closing date may affect time for performance. Please call if you have any questions.

10. **REDRAW REQUIREMENTS**
    To request a redraw, (a) contact your loan origination office, (b) return the voided loan documents and any loan funds to World, as applicable. [NOTE World will not redraw documents unless we are in receipt of previously issued documents and funds,] and (c) notify the borrower that they may be charged a $200.00 redraw fee per occurrence

11. **INSTRUCTIONS FOR RETURNING DOCUMENTS**
    Ensure that all original documents are signed and dated as required. Please retain the documents to be recorded. Forward CERTIFIED copies of the documents sent for recording, together with all other original signed documents including the final HUD-1 or HUD-1A Settlement Statement, to: WORLD SAVINGS, ATTN.: IMAGING DEPARTMENT, 4101 WISEMAN BOULEVARD, BLDG. #108, SAN ANTONIO, TEXAS 78251, _WITHIN 24 HOURS AFTER LOAN DISBURSAL/SETTLEMENT VIA OVERNIGHT COURIER._

    WORLD SAVINGS WILL NOT PAY COURIER FEES.

WM 60

**Exhibit 1 to Third-Party Complaint of Impleader**
**Page 21**

(Page 3 of 11)

| WORLD SAVINGS | LENDER'S CLOSING INSTRUCTIONS | LOAN NO: 0047328505 |
|---|---|---|

**SECTION II - TRANSACTION TERMS AND COST ALLOCATION - See Section VI for Fees Outside of Closing (POC)**

**TERMS OF TRANSACTION:**

| | | Mortgage Broker Fee - (Broker to | |
|---|---|---|---|
| Sales Price | $ _____ .00 | submit demand to closer) | $ _____ .00 |
| Amount of this Loan | $ _____ 375,000.00 | Provide Copy of Downpayment | |
| | | Funds to Close | $ _____ |

**ADDITIONAL FINANCING:**

| Amount | $ _____ .00 | Interest Rate | _____ .000 |
|---|---|---|---|
| Monthly Payment | $ _____ .00 | Term (Years) | _____ |

**DISBURSAL INFORMATION**

| | | | FIRST PAYMENT DUE DATE |
|---|---|---|---|
| World Loan Amount | $ _____ 375,000.00 | | 12/01/07 |
| Broker Fee Paid by Lender | $ _____ 7,500.00 | | |
| Broker Fee Paid by Seller ( % +$ ) | | | $ _____ .00 * |

* If seller paid fees EXCEED what is shown on these instructions, as closing agent you are required to contact 1-800-873-7340, for approval

**WE WILL DEDUCT THE FOLLOWING** *          PAID BY BORROWER          PAID BY SELLER

| | | | |
|---|---|---|---|
| World's Loan Fee | $ _____ .00 | $ _____ .00 ** | |
| World's Discount Fee | $ _____ .00 | $ _____ .00 ** | |
| Saleable Loan Discount Fee | $ _____ .00 | $ _____ .00 ** | |
| Mortgage Broker Fee | | | |
| ( 1.750 % + $ 850.00 ) | $ _____ 7,412.50 | | |
| Total Broker Check | $ _____ .00 | | |
| Interest from date of WIRE to 11/01/07 | | | |
| at $ 84.76 day | $ TO BE DETERMINED **** | | |

**Escrow Account Breakdown**

| County Tax | 0 | Pymt @ $ .00 | $ .00 | Flood Ins | 0 | Pymt @ $ .00 | $ .00 |
|---|---|---|---|---|---|---|---|
| City Tax | 0 | Pymt @ $ .00 | $ .00 | Hazard Ins | 0 | Pymt @ $ .00 | $ .00 |
| School Tax | 0 | Pymt @ $ .00 | $ .00 | Mortgage Ins | 0 | Pymt @ $ .00 | $ .00 |
| Water Tax | 0 | Pymt @ $ .00 | $ .00 | NO HAZARD INSURANCE ESCROW | | | |
| Sp. Dist Tax | 0 | Pymt @ $ .00 | $ .00 | NO TAX ESCROW | | | |
| Bond | 0 | Pymt @ $ .00 | $ .00 | Less Aggregate Accounting Adjustment | | $ | ( .00) |

| | |
|---|---|
| Escrow Deposit Net Funded at Close per RESPA Regulations | $ _____ .00 |
| Application Fee | $ _____ .00 |
| Appraisal/Property Evaluation Fee | $ _____ 325.00 |
| Appraisal Review Fee | $ _____ .00 |
| Buydown Fee | $ _____ .00 |
| Third Party Buydown Fee | $ _____ .00 |
| Commitment Fee | $ _____ .00 |
| Fannie Mae Automated Underwriting Fee | $ _____ .00 |
| Document Preparation Fee | $ _____ 50.00 |
| Equity Builder Servicing Fee | $ _____ .00 |
| Flood Zone Initial Determination Fee | $ _____ .00 *** |
| Flood Zone Ongoing Monitoring Fee | $ _____ 9.00 *** |
| Funding Fee | $ _____ 50.00 |
| Holdback | $ _____ .00 |
| Loan Origination Fee | $ _____ .00 |
| Mortgage Credit Certificate (MCC) Fee | $ _____ .00 |
| Mortgage Insurance Premium | $ _____ .00 |
| Payoff World Loan Number | $ _____ |
| Processing Fee | $ _____ 310.00 |
| Redraw Fee | $ _____ 200.00 |
| Tax Service Fee | $ _____ 61.00 *** |
| Trust Review Fee | $ _____ .00 |
| Loan Sales Processing Fee | $ _____ .00 |
| Employment Verification Fee | $ _____ *** |

**CLOSING COSTS PAID BY WORLD (added to Funds to Closing Agent)**

| | |
|---|---|
| Notary Fee | $ _____ .00 |
| Courier Fee | $ _____ .00 |
| Recording Fee | $ _____ .00 |
| Title Insurance | $ _____ .00 |
| Closing/Settlement Fee | $ _____ .00 |
| Mortgage Tax Paid By Lender | $ _____ .00 |
| **TOTAL FUNDS TO CLOSING AGENT** | $ TO BE DETERMINED |

| | |
|---|---|
| AHP Assistance Total | $ _____ .00 |
| DPA Grant Amount Total | $ _____ |

**FUNDS FOR CLOSING AGENT DISBURSAL**

| | | |
|---|---|---|
| Funds to be disbursed to Broker | $ _____ 14,912.50 *** |
| Mortgage Insurance Premium | $ _____ .00 *** |
| Funds Payable to    PAYEE #:    (1) | $ _____ .00 *** |
| Funds Payable to    (2) | $ _____ .00 *** |
| Funds Payable to    (3) | $ _____ .00 *** |
| **WIRE AMOUNT** | $ TO BE DETERMINED |

** Deduction of the fees listed is pursuant to our agreement to finance these loan costs. Borrower is not to pay these amounts out of his/her own cash
*** See Page 4 for Third Party Settlement Service Provider Names, if applicable
**** NOTE: The HUD-1 or HUD-1A Settlement Statement or Summary of Closing Fees must reflect the actual disbursal/funding date
 (1), (2), (3) See Page 4 for Payees.

| GF440C (2004-03-7) | Page 3 | CA |
|---|---|---|

DISTRIBUTION    1 COPY-CLOSER    1 COPY-LOAN CENTER    1 COPY-LOAN FILE

**WM 61**

**Exhibit 1 to Third-Party Complaint of Impleader**
**Page 22**

(Page 4 of 11)

| WORLD SAVINGS | LENDER'S CLOSING INSTRUCTIONS | LOAN NO: 0047328505 |
|---|---|---|

**SECTION III - THIRD PARTY SETTLEMENT SERVICE PROVIDER NAME(S)**

To assist you with preparation of the HUD-1 or HUD-1A Settlement Statement, listed below are the names and addresses of the firms receiving the payments shown, if applicable

| SETTLEMENT SERVICE | SETTLEMENT PROVIDER |
|---|---|
| • Appraisal/Property Inspection Waiver Fee | **World Savings Bank** |
| • Credit Report Provider | CBC Companies, Equifax Information Service, Trans Union Corporation, Experian Consumer Center |
| • Fannie Mae Automated Underwriting Fee | |
| • Employment Verification Fee | |
| • Mortgage Broker Fee | **PREMIER HOME FUNDING, INC.**<br>**25332 CABOT ROAD, #100**<br>**LAGUNA HILLS, CA 92653** |
| • Mortgage Insurance Premium | |
| • NHSA Affiliate Fee | Neighborhood Housing Services of America Affiliated Organization |
| • Tax Service Fee | First American Real Estate Tax Services |
| • Initial Flood Determination Fee/<br>    Ongoing Flood Zone Monitoring Fee | First American Flood Data Services |

**SECTION IV - PAYEE(S)** - The following names and addresses are provided to assist you with (a) disbursal of loan proceeds and (b) preparation of the HUD-1 or HUD-1A Settlement Statement.

PAYEE(S) NAME AND ADDRESS (ES)

1

2

3

**SECTION V - FEES PAID AT CLOSING BY LENDER**

| | | | | |
|---|---|---|---|---|
| Recording | $ .00 | Title Insurance | $ .00 |
| Closing/Settlement | $ .00 | Processing | $ .00 |
| Courier | $ .00 | Appraisal | $ .00 |
| Application | $ .00 | Mortgage/ Intangible property/ | |
| Notary | $ .00 | Recording tax | $ .00 |

**SECTION VI - FEES PAID OUTSIDE OF CLOSING**

The following fees were paid outside of closing. Please reflect the fees on the HUD-1 or HUD-1A Settlement.
**DO NOT COLLECT THESE FEES AT CLOSING.**

| FEES PAID OUTSIDE OF CLOSING (POC) BY BORROWER:<br>(These are not credits) | | FEES PAID OUTSIDE OF CLOSING BY LENDER: | |
|---|---|---|---|
| Application | $ .00 | Credit Report | $ 3.85 |
| Appraisal | $ .00 | Loan Submission | $ .00 |
| Trust Review | $ .00 | Electronic Facility | $ .00 |
| Take-Out Commitment | $ .00 | Mortgage Broker | |
| Initial Flood Zone | | | $ .00 |
| Determination | $ 3.00 | Cash Refund to Borrower | $ |
| Mortgage Broker | $ .00 | Tax Service | $ .00 |
| NHSA Affiliate | $ .00 | Initial Flood Zone Determination | $ .00 |
| Processing | $ 97.00 | Real Estate Agent Services | $ .00 |
| Mortgage Credit Certif (MCC) | $ .00 | | |
| Rate Lock-In | $ .00 | Employment Verification Fee | $ .00 |

COMPLETE THE HUD-1 OR HUD-1A SETTLEMENT STATEMENT, WHICHEVER IS APPLICABLE, AT THE TIME OF CLOSING AND FORWARD A CERTIFIED COPY WITH THE CLOSING PACKAGE, WITHIN 24 HOURS AFTER SETTLEMENT TO:

World Savings
Attn: IMAGING DEPARTMENT
4101 Wiseman Boulevard, Bldg. # 108, San Antonio, Texas 78251

NOTE: The HUD-1 or HUD-1A Settlement Statement must reflect the actual disbursal/funding date

WM 62

**Exhibit 1 to Third-Party Complaint of Impleader**
**Page 23**

(Page 5 of 11)

| WORLD SAVINGS | LENDER'S CLOSING INSTRUCTIONS | LOAN NO: 0047328505 |
|---|---|---|
| | SECTION VII - WORLD LOAN DOCUMENTS | |

You are instructed to have the following documents properly executed and notarized (as required) Documents to be recorded must be submitted for recording immediately upon settlement  See Page 2 for instructions for returning documents  **ON THE DAY THE DOCUMENTS ARE SIGNED, YOU MUST GIVE BORROWERS A COPY OF ALL DOCUMENTS IN CONNECTION WITH THIS LOAN.**

**RECORD THE DOCUMENTS BELOW (NOTARY REQUIRED)**

( X )  Security Instrument dated 10/05/07 for  $375,000.00
including the attached Exhibit "A" Legal Description (see
instructions for preparing Exhibit "A" on Page 6 of these
instructions)

(    )  Security Instrument securing the Downpayment Assistance
Repayment Agreement dated   for $   including the attached
Exhibit "A" Legal Description (see instructions for preparing
Exhibit "A" on Page 6 of these instructions)

**RIDERS TO THE SECURITY INSTRUMENT**

(x)  RIDERS WITHOUT A RECORDING REQUEST MUST
BE ATTACHED TO THE SECURITY INSTRUMENT AND
RECORDED TOGETHER.

(    )  Rider-Second Home
(    )  Rider-Borrower's Warranty of Financing Terms (QQ)
(    )  Rider-Fixed Rate
(    )  Rider-Fixed/Adjustable Rate
(    )  Rider-1-4 Family Rider, Assignment of Rents
(    )  Rider-Planned Unit Development
(    )  Rider-Adjustable Rate
(    )  Rider-Additional Collateral Pledged
(    )  Rider-Fixed Rate Option Feature
(    )  Rider-Condominium
(    )  Rider-Demand Provision
(    )  Rider-Cross Collateralization and Default

**OTHER DOCUMENTS**

(    )  Request for Notice (see preparation instructions in section VIII
on Page 6 of these instructions)
(    )  Homestead Waiver Exemption (CO)
(    )  Waiver of Borrower's Rights/Closing Attorney
Affidavit/Foreclosure Disclosure (GA)
(    )  Voluntary Designation of Homestead and Exhibit "A"
with legal description
(    )  Texas Home Equity Affidavit and Agreement
(    )  Transfer of Lien (TX) including the attached
Exhibit "A" Legal Description (see instructions
for preparing Exhibit "A" on Page 6 of these instructions)
(    )

**DELIVER TO BORROWER - DO NOT RETURN OR RECORD**

(    )  IRS W-4 Employee Withholding Allowance Certificate,
Adjustment Notice (MCC)
(    )  Valuation Disclosure (WA)
( X )  Itemization of the Amount Financed
( X )  FACTA Notice to Home Loan Applicant/
Credit Score Notification
(    )  Addendum to Welcome Letter

**DO NOT RECORD (RETURN SIGNED)**

( X )  Promissory Note
(    )  Rider to Promissory Note - Temporary Payment Options
(    )  Account Opening Advance Request
(    )  ELOC Agreement and Disclosure Statement
(    )  Modification to Note
( X )  Regulation Z Disclosure
(    )  Loan Program Disclosure
( X )  Document Correction Agreement
(    )  Holdback Agreement
(    )  Buydown Agreement
(    )  Notice of Fire/Hazard Insurance Requirements
( X )  Notice of Right to Cancel (each consumer with an ownership
interest in the property, including non-borrowing spouse when
applicable, must acknowledge receipt and be given two copies
to keep)
(    )  Information Sheet for Non-primary U S Applicant
(    )  Tax Bill Authorization Letter
( X )  Acknowledgement Letter
( X )  Prepay Feature Acknowledgement Letter
(    )  Notice of Special Flood Hazard Insurance
( X )  Loan Application Addendum - Second Request for Information
(    )  Lender's Release and Indemnity Agreement (MCC Program)
(    )  Personal Guaranty (include mailing address of first signer)
(    )  Notification of Rate Lock-in Period and Estimated
Processing Time (VA)
( X )  Escrow Account Agreement
(    )  Employee Benefit Disclosure
(    )  Initial Escrow Account Statement
( X )  Referral Notice(s) W61A
( X )  Mortgage Servicing Transfer Disclosure (each borrower must sign)
(    )  Security Agreement and Security Assignment Under
Land Trust (Assignment of Beneficial Interest) (IL)
(    )  Addendum to Note and Security Agreement and
Security Assignment Under Land Trust (Assignment of Beneficial
Interest) (Exculpatory Rider) (IL)
(    )  Disclosure Regarding Availability of Interim Financing,
Legal Representation and Appraisal (CT)
( X )  Verification of Personal Information
(    )  Closing Agent Transmittal (MA)
(    )  Equity Builder - EFT Authorization
(    )  Mortgage Insurance Notice
(    )  ACORN Closing Certificate
(    )  Acknowledgement of Value-Notarized (TX)
(    )  Receipt of Closing Documents (TX)
(    )  Texas Equity Special Closing Instructions (TX)
(    )  Equity Line of Credit-Final Confirmation of Closing Fees
paid by World Savings
(    )  Attorney/Insurance Preference Form (SC) (each borrower must sign)
(    )

(    )  Texas Equity Loan Application Addendum (TX)
(    )  Location For Notices Texas Equity Loans (TX)
( X )  Request for Initial Payment Amount
Pick-A-Payment Loan
(    )
(    )
(    )
(    )
(    )
(    )
(    )
(    )

SEE NEXT PAGE FOR ADDITIONAL DOCUMENTS

WM 63

**Exhibit 1 to Third-Party Complaint of Impleader
Page 24**

(Page 6 of 11)

| WORLD SAVINGS | LENDER'S CLOSING INSTRUCTIONS | LOAN NO: 0047328505 |
|---|---|---|

**SECTION VIII - DOCUMENTS PREPARED OR FORWARDED BY CLOSING AGENT**
PREPARE AND/OR ENSURE EXECUTION OF THE FOLLOWING DOCUMENTS. RETURN WITH CLOSING PACKAGE TO WORLD
If there are any changes in the terms on this page, call 1-800-873-7340 to request verbal approval.

( X )  HUD-1 or HUD-1A Settlement Statement *
(    )  Certified copies of Buyer's Affidavit of Title and Seller's Affidavit of Title (NJ)
(    )  Certified copies of Affidavit to insure against mechanic's/materialmen's lien(s)
(    )  Special Closing Instructions for Land Trusts (IL)
(    )  Lead Paint form(s) - Notification and Indemnification, if applicable (MA)
(    )  Smoke Detector form(s) - Certification and Indemnification (MA)
(    )  Septic System form(s) - Certification and Indemnification, if applicable (for properties with septic systems) (MA)
(    )  6D Certificate (for condominium loans in MA)
(    )  Certified copy of the Homestead Designation Affidavit (TX)
( X )  For QQ loans, provide evidence of the source of funds for the downpayment and closing costs
(    )  You may record a concurrent security instrument, securing a note, in the amount of $   as subordinate junior lien to our first lien  Please forward a
        certified copy of the note and security instrument
(    )  You must record a Subordination Agreement in the amount of $   subordinating a prior recorded lien to our Security Instrument  (You are insuring
        our first lien position )  Please forward a certified copy of the Subordination Agreement

(    )  Forward a certified copy of the GRANT/WARRANTY DEED/BARGAIN AND SALE DEED
        **NOTE: If the vesting on the Grant/Warranty Deed/Bargain and Sale Deed differs from our Security Instrument,**
        **you must call 1-800-873-7340 IMMEDIATELY.**

(    )  For all states with a Request for Notice of Default and/or Sale  (i) complete all blank sections of the Request for Notice, (ii) attach the legal
        description to the Notice if the Notice references an Exhibit A or if the legal description is necessary for recording, (iii) sign the Notice as Limited
        Agent for World, and have the signature notarized, and (iv) send the Notice to be recorded  Forward a CERTIFIED copy of the Notice sent for
        recording to the address shown on Page 2 of these instructions

FOR ALL STATES EXCEPT MISSISSIPPI AND WASHINGTON

( X )  Preparing Exhibit "A" - Detach the legal description from your Preliminary Title Report/Commitment to Insure dated 09/11/07.
        Using clear tape, attach the legal description to the Exhibit "A" page and photocopy. THE CORRECT LEGAL DESCRIPTION MUST BE
        ATTACHED TO THE APPLICABLE DOCUMENT BEFORE IT IS SIGNED BY THE BORROWER. Attach the photocopy of the legal
        description to our Security Instrument and submit for recording.

        Return a certified copy of the Security Instrument including the legal description in the closing package.

FOR TEXAS EQUITY LOANS ONLY

(    )  THE CORRECT LEGAL DESCRIPTION MUST BE ATTACHED TO THE APPLICABLE DOCUMENT BEFORE IT IS SIGNED BY THE
        BORROWER. Attach a photocopy of the legal description to the voluntary designation of homestead and submit for recording. Return
        a certified copy of the Voluntary Designation of Homestead including the legal description in the closing package.

FOR MISSISSIPPI STATE ONLY

(    )  Preparing Exhibit "A"

        Complete the Indexing Information section located on the attached Exhibit "A" page of the Security Instrument.

        Detach the legal description from your Preliminary Title Report/Commitment to Insure dated   . Using clear tape, attach the legal
        description to the Exhibit "A" page and photocopy. Attach the photocopy of the legal description to World's Security Instrument. As
        Exhibit "A", the correct Legal Description must be attached to the Security Instrument and the Indexing Information must be
        completed before the Security Instrument is signed by the Borrower. Submit the entire signed and dated Security Instrument for
        recording.

        Return to World a certified copy of the Security Instrument, including the legal description, in the closing package

FOR WASHINGTON STATE ONLY

(    )  Washington State County Auditor/Recorder's Indexing Form (Cover Sheet) - Detach the abbreviated legal description from your
        Preliminary Title Report/Commitment to Insure dated   . Using clear tape, attach the abbreviated legal description to the Cover Sheet
        and photocopy. Attach the photocopy of the Cover Sheet to the Deed of Trust prior to recording.

(    )  Preparing Exhibit "A" - Detach the legal description from your Preliminary Title Report/Commitment to Insure dated   . Using clear
        tape, attach the legal description to the Exhibit "A" page and photocopy. THE CORRECT LEGAL DESCRIPTION MUST BE ATTACHED
        TO THE APPLICABLE DOCUMENT BEFORE IT IS SIGNED BY THE BORROWER. Attach the photocopy of the legal description to our
        Security Instrument and submit for recording.

        Return a certified copy of the Security Instrument including the legal description in the closing package.

**SEE NEXT PAGE FOR "TITLE INSURANCE" REQUIREMENTS**

GF440F (2004-03-7)                                    Page 6                                    CA

            DISTRIBUTION        1 COPY-CLOSER      1 COPY-LOAN CENTER      1 COPY-LOAN FILE

WM 64

**Exhibit 1 to Third-Party Complaint of Impleader**
**Page 25**

(Page 7 of 11)

| WORLD SAVINGS | LENDER'S CLOSING INSTRUCTIONS | LOAN NO: 0047328505 |
|---|---|---|

| SECTION IX - TITLE INSURANCE |
|---|

THE NAMES SHOWN ON THE ENCLOSED SECURITY INSTRUMENT MUST BE EXACTLY AS TITLE TO THE PROPERTY IS HELD. IF THE NAMES ON THE SECURITY INSTRUMENT DIFFER FROM THE NAMES ON TITLE, PLEASE CALL 1-800-873-7340.

YOU MUST SEND THE TITLE POLICY OR TITLE PRODUCT CHECKED BELOW TO THE ADDRESS INDICATED ON THE SECOND PAGE OF THESE INSTRUCTIONS WITHIN THE TIME FRAME REQUIRED.

( X )  WORLD SAVINGS WILL ACCEPT AN ORIGINAL ALTA SHORT FORM LENDER'S TITLE POLICY. THE ORIGINAL SHORT FORM TITLE POLICY MUST REFERENCE OUR LOAN NUMBER AND BE RETURNED TO US WITH THE EXECUTED CLOSING PACKAGE WITHIN 24 HOURS AFTER SETTLEMENT.

( X )  In the event a Short Form Title Policy is not available, World Savings will accept an original Long Form Lender's Title Policy. The original Long Form Title Policy must reference our Loan Number and be received by us within 30 business days after settlement.

[ X ]  WORLD SAVINGS WILL ACCEPT A CREDITORS' RIGHTS EXCEPTION ONLY IF IT IS IN THE FORM OF THE 1992 REVISION TO THE ALTA POLICY OF TITLE INSURANCE

(     )  Collect for Survey/Improvement Location Certificate and remit to survey company, if applicable

(     )  Provide survey, certified copy of survey, or existing survey affidavit, whichever is applicable/required

( X )  The Title Policy must include the following Endorsements 100, 111.8, 116, 8.1, 103.5, 103.1, 100.23

[ X ]  The Title Policy may only include the following Exceptions identified in your Preliminary Title Report/Commitment to Insure dated  09/11/07
       :  A-C P/C, D, E, 1

( X )  The Title Policy must not contain an exception to coverage for the interest of any spouse

| EQUITY LINES OF CREDIT LOANS ONLY |
|---|

(     )  WORLD SAVINGS REQUIRES THE FOLLOWING TYPE OF TITLE PRODUCT WHICH MUST BE PROVIDED TO US NO LATER THAN 30 DAYS AFTER SETTLEMENT:

( X )  The Security Instrument in the amount of  $375,000.00 is to be recorded in FIRST lien position  This must be reflected on the Title Policy or Title Product checked above, if any

( X )  Issue the Lender's Title Insurance Policy or Title Product, as checked above, in the amount of $375,000.00 to World Savings, its successors and/or assignees

( X )  No secondary financing is permitted  Notify World prior to closing, if there is a concurrent closing of another loan, or any transfer of title to the same property

FOR LOANS CLOSING CONCURRENTLY WITH ANOTHER WORLD LOAN

(     )  Refer to the Closing Instructions for the World concurrent loan number   for additional title coverage instructions

FOR TEXAS RATE AND TERM REFINANCES ONLY (NO EQUITY LOANS)

[     ]  You are to obtain P-39 (b) Express Insurance with the title policy insuring against
        "Possible defect in the lien of the insured mortgage because of the Insured's inclusion of closing costs including mortgage broker compensation in the original principal of the indebtedness secured by the insured mortgage "

SPACE INTENTIONALLY LEFT BLANK.

WM 65

**Exhibit 1 to Third-Party Complaint of Impleader**
**Page 26**

(Page 8 of 11)

| WORLD SAVINGS | LENDER'S CLOSING INSTRUCTIONS | LOAN NO:0047328505 |
|---|---|---|

### SECTION X - TAXES/HAZARD/FIRE/FLOOD/INSURANCE

( X ) TAXES AND ALL ASSESSMENTS (including Homeowner's Association Assessments) PROPERTY TAX BILLS RELEASED OR DUE WITHIN 90 DAYS OF CLOSING MUST BE PAID CURRENT.

(   ) Complete and return the Escrow Account Agreement form with the HUD-1 or HUD-1A Settlement Statement if taxes are paid at closing

( X ) Please review the attached "Closing Agent Notification of Fire/Hazard Insurance Requirements" form, which is incorporated herein by reference Ensure that all requirements are met prior to loan settlement including, but not limited to, the policy amount and standard mortgagee clause

( X ) As closing agent you are responsible for ensuring that the borrower brings acceptable proof of insurance and evidence of payment as outlined in item #7 of the "Closing Agent Notification of Fire/Hazard Insurance Requirements" form. You must deliver this proof of insurance and evidence of payment to World Savings within 24 hours of loan settlement along with the executed documents

(   ) This loan requires flood insurance  Please review the attached "Closing Agent Notification of Flood Insurance Requirements" form to ensure that all requirements are met prior to loan settlement  Borrower must provide proof of paid flood insurance policy prior to closing.

### SECTION XI - STATE SPECIFIC REQUIREMENTS

### ITEMS MARKED WITH AN "X" ARE REQUIREMENTS FOR YOUR STATE.

**FOR LOANS IN ALL STATES**

( X ) You are authorized to record our documents and disburse funds only when you have complied with all of our instructions and there are no unauthorized alterations

**FOR RIDERS ATTACHED TO THE SECURITY INSTRUMENT FOR RECORDING**

( X ) FOR ALL STATES EXCEPT PA, you are instructed to ensure that all riders to the Security Instrument included in the closing package are (1) executed, (2) attached to our Security Instrument and (3) submitted for recording.

**FOR ALL ARIZONA TITLE PRODUCTS ONLY**

(   ) Even if the name(s) of the borrower(s) in this transaction has/have not been searched in the public records the title insurer must issue a policy/product that insures that our lien is superior to matters such as proceedings, liens, or decrees against buyer(s) that do not specifically describe the property securing our loan, but may affect the title or impose liens or encumbrances thereon

**FOR CONNECTICUT LOANS ONLY**

(   ) Please deliver to the Mortgage Broker for this transaction, whose name and address appears on these Closing Instructions, signed copies of the Federal Truth in Lending Disclosure, Notice of Right to Cancel (if applicable), Initial Escrow Account Statement (if applicable), Promissory Note, Mortgage, and HUD-1 or HUD-1A Settlement Statement [CONN GEN STAT §36A-493 ]

**FOR GEORGIA LOANS ONLY**

(   ) You must ensure that "Total Broker Fees Paid" and other points and fees as defined in the Georgia Fair Lending Act cannot exceed 4 99% of the loan amount  Do not close this loan if (1) there are any additional broker fees that are not on World's Georgia Preferred Mortgage Broker Demand Statement or, (2) total points and fees exceed 4 99%

**FOR ILLINOIS LOANS ONLY**

(   ) For loans closed in Cook County, Illinois, prior to funding, the closer must obtain the necessary Certificate of Compliance or Certificate of Exemption (as applicable), as issued by the Illinois Department of Financial and Professional Regulation Predatory Lending Database in accordance with the provisions of 765 ILCS 77/770 et seq

**FOR LOUISIANA LOANS ONLY**

(   ) The closer is instructed to complete the name of the Borrower(s)' spouse(s) on page 19, the Identification and Marital Status page of the Security Instrument

(   ) Photocopy the signed and dated Security Instrument  Send the photocopy to the recording office with the original signed and dated Security Instrument  Request that the photocopy of the Security Instrument be stamped and returned to  WORLD SAVINGS, ATTN.  IMAGING DEPARTMENT, 4101 WISEMAN BOULEVARD, BLDG  #108, SAN ANTONIO, TEXAS 78251

**FOR MARYLAND LOANS ONLY**

(   ) Do not add Refinance Transfer information language directly onto our Deed of Trust  When applicable, prepare an Affidavit of Refinance, attach to our Deed of Trust and submit to the county recorder's office for recording

**FOR NEW YORK LOANS ONLY**

(   ) Prior to recording, complete section 25  "Borrower's Statement Regarding the Property" of the Security Instrument for fixed rate loans

**FOR PENNSYLVANIA LOANS ONLY**

(   ) You are instructed to ensure that (a) all riders to the Security Instrument included in the closing package are recorded as separate documents and (b) all pages of the documents sent for recording are arranged in numerical order  DO NOT ATTACH THE RIDERS TO OUR SECURITY INSTRUMENTS.

**FOR TENNESSEE LOANS ONLY**

(   ) For Fannie Mae fixed, Closed 2nds, and ELOC loans. Complete the Borrower's source of interest paragraph appearing in our Security Instrument, prior to recording.  The Borrower's source of interest paragraph appears on Page 1 of our Security Instrument for closed second and second loans and Page 3 of our Security Instrument for Fannie Mae fixed rate loans.

For ARMs: Include the Borrower's source of interest paragraph as a part of Exhibit "A" to the Security Instrument.

### SEE NEXT PAGE FOR ADDITIONAL "STATE SPECIFIC REQUIREMENTS"

**WM 66**

**Exhibit 1 to Third-Party Complaint of Impleader**
**Page 27**

(Page 9 of 11)

| WORLD SAVINGS | LENDER'S CLOSING INSTRUCTIONS | LOAN NO:0047328505 |
|---|---|---|

| SECTION XI - STATE SPECIFIC REQUIREMENTS - CONTINUED |
|---|

**ITEMS MARKED WITH AN "X" ARE REQUIREMENTS FOR YOUR STATE.**

**FOR TEXAS LOANS ONLY**

( ) Please issue Express Insurance, if, after review of the property survey, your title policy will include any exception(s) in Schedule B for encroachments, lot violations, etc

( ) Please issue Deletion of Arbitration Provision as part of the final title policy  Do not sign, record or return this provision as an individual document

( ) If the Property is Non-Owner Occupied, World requires a signed and recorded Homestead Designation Affidavit from borrower verifying some other property as the homestead  If borrower is married, borrower's spouse must sign as well  Signatures must be notarized  You must record the Affidavit in the county where the homestead property is located and submit a certified copy including recording information to World Savings

( ) If the Property is the borrower's homestead and the loan proceeds exceed the amount necessary to pay off the existing purchase money loan and permitted costs, you may not close this loan  Instead you must return the loan documents to World to be redrawn together with the loan funds

( ) If this is a Texas Equity loan, refer to Special Closing Instructions for Texas Equity loans for additional instructions  If you did not receive these instructions, contact us immediately

( ) If this is a Texas Equity Loan, you must (a) fill in the name of the current record title holder on the Voluntary Designation of Homestead form prior to the signing and recording, (b) ensure that the Designation is properly signed and notarized (if borrower is married, you must obtain the Spouse's signature as well), and (c) record the Designation and return the recorded copy to World Savings

( ) If this is a Texas Equity Loan, you must ensure that the Location For Notices Texas Equity Loans document is signed by all borrowers and returned to World

**FOR WISCONSIN LOANS ONLY**

( ) This loan requires a Personal Guaranty  All Guarantors must sign the Personal Guaranty  If the Guarantor(s) is a married person and the spouse is not also a Guarantor on the loan, the spouse must sign the Spousal Consent signature page located as the last page of the document

- - - - - - - - - - - - - - - - - - **SECTION XII - ADDITIONAL REQUIREMENTS** - - - - - - - - - - - - - - - - - -

( X ) **SPECIAL POWER OF ATTORNEY**

If the borrower is granting power of attorney to a person who will act as attorney-in-fact and sign the loan documents, we require a certified copy of the valid Special Power of Attorney which specifically references  (1) the name of the person who will act as attorney-in-fact, (2) the property which is the subject of the loan transaction, (3) the transaction must be identified as a purchase or a refinance*, and (4) the date the Special Power of Attorney was granted, which must be within the previous six months  Variations in the requirements set forth in items 1 through 4, in a Special Power of Attorney, are acceptable only when necessary to comply with state law  **Note: World will not accept a power of attorney for a trustee of a trust.**

You are instructed to type or legibly print the "Special Power of Attorney" designation on the signature page of the security documents

\* For Texas Equity loans, the Special Power of Attorney must specifically authorize a loan under Section 50(a)(6), Article XVI of the Texas Constitution

( X ) **PERSONAL INFORMATION**

You shall hold Personal Information in strict confidence and take all measures reasonably necessary to preserve its confidentiality and to dispose of it properly  Personal Information means information identifiable to a particular World customer

( X ) **DO NOT DISBURSE ANY FUNDS PRIOR TO THE EXPIRATION OF THE CANCELLATION PERIOD DESCRIBED IN THE ENCLOSED "NOTICE OF RIGHT TO CANCEL."**

( X ) **HUD EARLY CLOSING BONUS CHECK**

When applicable, forward lender's "Early Closing Bonus" check from HUD to World Savings with the closing documents

| **PAYOFF OF EXISTING WORLD LOANS** | |
|---|---|
| ( ) Payoff loan number | will be by separate payoff demand at closing/escrow |
| ( ) For questions regarding Payoffs please call **1-800-642-0257** or Fax **210-509-1121** | |

**PREPAID INTEREST CALCULATION (NOT APPLICABLE TO ELOC)**

World calculates prepaid interest from either (a) the date the funds are wired to you, or (b) the scheduled loan settlement (disbursement) date if funds are provided to you by check  If the actual settlement date shown on the certified settlement statement is later than the scheduled settlement date, World may owe the borrower a refund  At World's discretion, any prepaid interest may either be credited to the principal balance of the borrower's loan or refunded directly to the borrower by check  World will not send a refund check to any party other than the borrower  Please close this loan based on the figures shown on page 3 of this document

**SEE NEXT PAGE FOR "SPECIAL INSTRUCTIONS"**

WM 67

**Exhibit 1 to Third-Party Complaint of Impleader**
**Page 28**

(Page 10 of 11)

| WORLD SAVINGS | LENDER'S CLOSING INSTRUCTIONS | LOAN NO: 0047328505 |
|---|---|---|

| SECTION XIII - SPECIAL INSTRUCTIONS |
|---|

## SPECIAL INSTRUCTIONS:

( X ) In compliance with Subsection §6045 of the Internal Revenue Code and as the person responsible for closing this real estate transaction, you will file as the Reporting Person an information return with the Internal Revenue

### FACTA Compliance

( X ) Deliver each FACTA Notice to Home Loan Applicant/Credit Score Notification to the applicable Borrower

### Non-Titled Spouse Signature Requirements*

(   ) If the Borrower(s) is married and holds or is taking title individually, the non-titled spouse(s) must sign either (1) the regular signature page of the Security Instrument, or (2) the special BORROWER(S)' SPOUSE(S) signature page if provided. Alternatively, the non-titled spouse may at their election, divest him/herself of any and all interest that they may have in the property. If the non-titled spouse elects to divest him/herself of their interest in the property, you must provide World with a certified copy of the executed and recorded Quitclaim or other deed evidencing such divesture

* If an ALTA Lender's title insurance policy is required under Section IX of these Lender's Closing Instructions, and such policy will be issued without exception for the interest of the non-titled spouse, World may waive the requirements of (1) and (2) above in writing  Contact World at 210-543-6222 to obtain a written waiver

### Right to Rescind

( X ) This loan is subject to the right to rescind  The Notice of Right to Cancel form is date sensitive  You must ensure that the dates on the Notice of Right to Cancel are correctly completed as set forth in the attached "Notice of Right to Cancel Instructions"

( X ) Provide each person having a right to rescind this transaction with two (2) copies of the Notice of Right to Cancel form and one copy of the Regulation Z Disclosure no later than the day they sign the loan documents

( X ) DO NOT DISBURSE ANY FUNDS PRIOR TO THE EXPIRATION OF THE CANCELLATION PERIOD DESCRIBED IN THE "NOTICE OF RIGHT TO CANCEL" COMPLETED AS SET FORTH IN THE ATTACHED "NOTICE OF RIGHT TO CANCEL INSTRUCTIONS."

### NOTICE OF RIGHT TO CANCEL INSTRUCTIONS

**I.    Make Certain the Notice of Right to Cancel Contains the Correct Dates:**

Included in World's loan document package are three copies of the Notice of Right to Cancel ("Notice") for each person entitled to receive copies of the Notice under the federal Truth in Lending Act  You must take the following steps in regard to the Notice

A      Confirm that the specific date stated in subsection (1) of the "Your Right to Cancel" Section of each copy of the Notice is the actual date the borrowers sign the Note and Security Instrument  If the date the borrowers sign the Note and Security Instrument is different than the date set forth in subsection (1) of the "Your Right to Cancel" Section of the Notice, then the date set forth in subsection (1) of every copy of the Notice must be changed to the date the borrowers sign the Note and Security Instrument  You must then have the corrected date on each copy initialed by the person who is to receive that Notice

B      Confirm that the specific date stated in the "How To Cancel" Section of the Notice is the third business day, as determined below, following the date the borrower signs the Note and Security Instrument (the "Third Business Day")

If the date in the "How To Cancel" Section is not the Third Business Day, you are instructed to cross out the incorrect date and insert the correct Third Business Day on all copies of the Notice  You must then have the corrected Third Business Day on each copy initialed by the person who is to receive that Notice

For purposes of calculating the Third Business Day

- Saturday is always counted as a business day
- Day 1 is the business day after the borrower signs the Note and Security Agreement
- Sundays and federal legal holidays are not counted as business days (See the Federal Legal Holidays Chart below)

| Federal Legal Holidays | |
|---|---|
| New Year's Day | January 1 |
| Martin Luther King Jr. Day | 3rd Monday of January |
| President's Day | 3rd Monday of February |
| Memorial Day | Last Monday of May |
| Independence Day | July 4 |
| Labor Day | 1st Monday of September |
| Columbus Day | 2nd Monday of October |
| Veteran's Day | November 11 |
| Thanksgiving Day | 4th Thursday of November |
| Christmas Day | December 25 |

**II.    Provide Copies to Persons Entitled to Rescind:**

You must provide each person having a right to rescind this transaction under the terms of the federal Truth in Lending Act with two (2) copies of the Notice and one copy of the "Federal Truth in Lending Disclosure Required by Regulation Z" on the day that they sign the loan documents  Have each recipient of the Notice sign the Acknowledgement of Receipt of Copies section of the third copy of the Notice provided to you for that person and return it with the closing package

**THE SPECIAL INSTRUCTIONS SECTION IS CONTINUED ON THE NEXT PAGE**

WM 68

**Exhibit 1 to Third-Party Complaint of Impleader**
**Page 29**

(Page 11 of 11)

| WORLD SAVINGS | LENDER'S CLOSING INSTRUCTIONS | LOAN NO: 0047328505 |
|---|---|---|

| SECTION XIII - SPECIAL INSTRUCTIONS - CONTINUED |
|---|

(X)   RECEIPT OF SIGNED WORLD SAVINGS LOAN DISCLOSURES.

(X)   NON-BORROWING SPOUSE TO SIGN  SECUIRTY INSTRUMENTS

(X)   TEAM CONTACTS:  *PROCESSOR: TESSA KUNZ - FAX# 866-490-1631,
      TKUNZ746@WORLDSAVINGS.COM  *UNDERWRITER: STACY VERSH -
      SVERSH451@WORLDSAVINGS.COM -->PLEASE EMAIL US FOR FILE STATUS AND FAX ALL
      CONDITIONS TO TESSA. WE CAN ALSO BE REACHED @ (714) 966-3804. THANK YOU

(X)   CERTIFIED COPY OF AN ESCROW AMMENDMENT REGARDING LENDER,RATE AND TERM

(X)   ATTENTION CLOSING AGENTS - PLEASE REFER TO PAGE 2, ITEM #3 - PATRIOT ACT.

(X)   LOAN APPLICATION ADDENDUM TO BE COMPLETED AND SIGNED TO INCLUDE SOCIAL
      SECURITY NUMBER ON PAGE 4 OF 4 AND RETURNED WITH CLOSING PACKAGE

(X)   BORROWER TO SIGN REQUEST FOR INITIAL PAYMENT AND RETURN WITH CLOSING
      PACKAGE.

(X)   PROOF OF HAZARD INSURANCE TO BE PROVIDED AT CLOSING AND RETURNED WITH
      CLOSING PACK

(X)   ATTN CLOSING AGENT: IF BROKER FEES DIFFER FROM WHAT IS DISCLOSED ON THE
      LENDER'S CLOSING INSTRUCTIONS, PLEASE CALL 1-800-873-7340 FOR SPECIFIC APPROVAL
      OR FURTHER INSTRUCTION.

*****    SPACE INTENTIONALLY LEFT BLANK    *****

WM 69

**Exhibit 1 to Third-Party Complaint of Impleader**
**Page 30**